**Rubye Ann KRENEK et al., Appellants,**

v.

**SOUTH TEXAS ELECTRIC COOPERA-TIVE, INC., Appellee.**

**No. 800.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1973.

Larkin T. Thedford, Edna, for appellants.

Donald A. Edwards, Cullen, Carsner, Edwards & Williams, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is a condemnation case. South Texas Electric Cooperative, Inc., appellee herein, sought to acquire an easement across the appellants' property for an electric transmission line. The case was tried before a jury in a district court which answered all of the issues as to the damages for the taking. Appellants' main contention in this case, however, was that the appellee acted arbitrarily and capriciously in its selection of the specific route of the easement across appellants' property. From an unfavorable judgment on this last aspect of the case, appellants have perfected their appeal.

The appellee filed its petition to condemn an easement for an electric transmission line across appellants' property. The appellants answered the suit by seeking a temporary injunction enjoining the appellee from constructing the transmission line pending a hearing on the merits. No action was had on appellants' application for the temporary injunction nor did appellants attempt to get their application heard. The line was built as proposed by the appellee prior to the trial on the merits. This sets up the basis for appellee's crosspoint of error; that they are entitled to an affirmance of the judgment of the trial court as a matter of law.

The present case was submitted upon five special issues. The first issue inquired as to whether or not the route selected by appellee over the land of the appellants was selected arbitrarily and capriciously. The jury brought in answers to issues 2 through 5, which inquired about the values of appellants' property, but were unable to agree upon an answer to the first issue. The first issue (inquiring whether appellee's route selection was arbi-

trary and capricious) was finally withdrawn from the jury and judgment was entered by the trial court upon the remaining jury verdict.

The appellants' complaint on appeal concerns primarily this first special issue. It includes the failure of the trial court to declare a mistrial because the jury was unable to reach a verdict; withdrawing special issue number one from the jury; refusing to permit the introduction of certain evidence allegedly supporting the first issue; and refusing to give a proper definition of the terms arbitrary and capricious.

The entry of a temporary injunction in a condemnation type case is the appropriate remedy where the threatened taking of property is void. For example, an action under an unconstitutional or inapplicable statute would support such an injunction. See Lone Star Gas Co. v. City of Fort Worth, 128 Tex. 392, 98 S.W. 2d 799 (1936).

But where such relief is founded strictly upon the arbitrary, capricious, illegal or fraudulent action on the part of the condemning authority, then there must be convincing evidence, because broad discretion is vested in those to whom the power of eminent domain is delegated. As a general rule, the courts will not disturb their action in the absence of proof of fraud, bad faith or the gross abuse of discretion. Webb v. Dameron, 219 S.W.2d 581 (Tex. Civ.App.—Amarillo 1949) ref'd n. r. e. Where the alleged unauthorized taking is based upon an abuse of the condemning authority's discretion, there must be proof that the action was arbitrary and capricious. This is not shown by proving that another alternate plan may be feasible or better adapted to the project. It is not shown where one plan might be more convenient to the one party than the other, or where the proposed cost would be less in an alternate plan than under the one adopted. Brown v. Lower Colorado River Authority, 485 S.W.2d 369 (Tex.Civ.App.—

Austin 1972) n. w. h. If the authority's action is honestly exercised, then it is not arbitrary even though other experts would have selected a different route or would have arrived at a different conclusion. See Texas Electric Service Co. v. Linebery, 327 S.W.2d 657 (Tex.Civ.App.—El Paso 1959, writ dismissed). The terms arbitrary and capricious have been variously defined by the courts. Many use Black's Law Dictionary, 4th edition definition of the word arbitrary. It is as follows:

> "Means in an 'arbitrary' manner, as fixed or done capriciously or at pleasure; without adequate determining principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic; * * *. Without fair, solid, and substantial cause; that is, without cause based upon the law * * * not governed by any fixed rules or standard."

Even the appellants admit that in order for there to be a judicial issue, the condemnor's act must be founded in fraud or arbitrarily exercised.

■ At the outset, we must point out that the appellants do not assert a single "no evidence" type point of error, nor do they have an insufficiency evidence contention in their motion or amended motion for new trial. Appellants' third and fourth points of error must be overruled because the appellants did not enter a proper objection to the trial court's action. After the jury became deadlocked on the first issue, the trial court withdrew the issue from the jury's consideration. The only objection lodged by the appellants when the issue was withdrawn, was that: " . . . we are attempting to split the charge after the jury has been deliberating for a day and a half . . . " The appellants did not claim that there was evidence to support special issue no. 1 and that the trial court would be in error by withdrawing the issue.

■ Next, the appellants complain of the trial court's comments to the jury. The jury had deliberated for a number of hours and reported to the court that it was deadlocked. The court suggested to the jury, in effect, that the case was a "very simple" case and that "I am not saying what my opinion would be, but I say it is either there or it is not". The appellants did not object to the trial court's remarks. This point of error is overruled.

■ Appellants' first point claims error of the trial court in refusing to admit into evidence certain pictures which showed deviations in the transmission line as erected by the appellee. The line went from the City of Vanderbilt in Jackson County to the City of Danevang in a neighboring county. There was other evidence in the record that showed that the line did not run in a straight and direct route. Appellants' non-admitted evidence was aerial photographs which showed that deviations existed from the beginning of the line to its destination. At one place there was a deviation of 7600 ft. from the straight course. The appellants wanted the appellee to deviate their line some 1300 ft. so as to place it on a portion of their property that would be more advantageous to them. The trial court refused to introduce exhibits numbered 22 to 51 which would show the entire length of line that was constructed by the appellee. We reviewed these exhibits during oral argument. Although they show certain deviations from a straight line there is nothing in such exhibits that would show that the appellee acted improperly. Even though such exhibits might add up to more than a scintilla of evidence when combined with other evidence in the record that was admitted, appellants' failure to properly perfect a no evidence point of error in this respect, makes this refusal by the trial court harmless error. Rule 434 Texas Rules of Civil Procedure. Additionally, there was no formal presentation of an exception, outlining the basis for the introduction of the evidence. See Rule 372,

T.R.C.P.; Milliken v. Smoot, 64 Tex. 171 (Sup.Ct.1885); Central Power and Light Company v. Martinez, 493 S.W.2d 903, (Tex.Civ.App.—Corpus Christi, 1973).

■ Appellants' offer of evidence of a compromise settlement with appellee, which the trial court refused to admit, is the basis for their second point of error. Such evidence of compromise does not represent a party's actual position, but is an amount that he is willing to give or take to avoid the expense or annoyance of litigation. The offer implies a desire for peace before judgment is entered and when uncertainty is still prevalent. See McCormick and Ray "Evidence". 2 Tex.Practice § 1142. The point is overruled.

The appellants complain of the trial court's definition of arbitrary and capricious as that term was used in the first issue. Although we believe that the definition given the trial court may have required more proof than was necessary, we need not decide this point in view of our holding that the trial court was correct in withdrawing special issue no. 1.

■ Appellants' fifth point of error claims the trial court erred in refusing to allow evidence of Article 1436, Vernon's Ann.Civ.St. This act purports to restrict to some degree the activities of persons and equipment operating in the proximity of high voltage electric lines. It was appellants' theory that such law places a greater burden upon the part taken, as well as on the remaining property after the taking, thereby affecting its value. Appellants sought to examine his witnesses upon the effect of this statute, but was refused by the trial court. We agree with appellants that this was error but it is harmless under the circumstances. The appellants did not properly perfect any point of error relative to the damages awarded to them by the jury, and this statute could only affect the damage issues. Even though appellants' eighth point of error complains of the jury's award as

being grossly inadequate so as to indicate improper influence and to defeat appellants' right of a fair and impartial trial, there was no proper complaint of the award of damages in the original or amended motion for new trial. Appellants' fifth and eighth points of error are overruled.

■ Appellants' sixth point of error states that the trial court erred in admitting into evidence the testimony of Mr. Bob Massey, who testified as an expert witness on market values of certain property. The owner of real property is ordinarily held competent to testify as to its value, if he knows the market value of the land on or about the time of the taking. If the land owner states that he knows the value of the land, his testimony is ordinarily admissible. The fact that the appellant on cross-examination had elicited doubt and uncertainty from the witness, only goes to the weight of his testimony with the jury. But such weakness does not destroy the original admissibility of the evidence. State v. Rankin, 445 S.W.2d 581 (Tex. Civ.App.—Corpus Christi 1969). The witness testified that he was familiar with Black Land farm values in Jackson and Victoria counties; that he was familiar with land values and land prices in October, 1971 (the time of the taking). He stated that he was familiar with appellants' property and gave his opinion as to its value. We hold that this testimony was admissible.

■ Appellants first sought a temporary injunction. Their application was not verified. No action was taken on their petition for injunctive relief. They stipulated that appellee had the right to condemn their property. At the time of the trial, appellee's transmission line had already been erected. Since the appellants did not pursue their temporary injunctive relief, but stood by and permitted the appellee to erect the transmission line across their property, they are estopped as a matter of law from complaining.

In order for an injunction to issue to restrain the commission of an act, there must be proof that the act if committed will work a legal injury. Where, however, the act complained of has been fully accomplished, the element of imminent danger is absent and injunction will not lie. 31 Tex.Jur.2d § 23 p. 70. See Zuniga v. United States Investors, Inc., 453 S.W.2d 811 (Tex.Sup.1970). The only other recourse would be a mandatory injunction or damages. The courts are reluctant to issue mandatory injunctions. If adequate relief may be granted by an award of damages, no writ will issue. Here appellants did not claim irreparable injury, nor did they seek mandatory relief. Appellee's cross-point of error is sustained.

The judgment of the trial court is affirmed.