Wayne H. STINSON, Appellant,

v.

CRAVENS, DARGAN & COMPANY
et al., Appellees.

No. 19733.

Court of Civil Appeals of Texas,
Dallas.

Feb. 22, 1979.

Gary B. Hall, Dallas, for appellant.

Jack H. Walding, Walding & Hoops, David N. Kitner, Strasburger & Price, Dallas, for appellees.

Before GUITTARD, C. J., STOREY and HUMPHREYS, JJ.

STOREY, Justice.

Wayne H. Stinson sued Gaylon Young, Rodney D. Young Insurance Agency and Cravens, Dargan & Company for breach of contract and negligence in failing to obtain insurance on his boat which was damaged during a storm. The trial court instructed a verdict against him, in favor of all defendants, and his principal contention on this appeal is that the trial court erred in not allowing him to testify as to the market value of his boat. We affirm the judgment of the trial court.

The evidence shows that appellant purchased the boat for $5,800 on October 23, 1974, and that on November 24, 1974 it was damaged during a storm while docked at the Frisco Marina. Appellant alleged that immediately before the damage the boat had a cash market value of $7,451 and immediately thereafter a cash market value of $3,447. Alternatively, he alleged a repair cost of $6,050.

At trial appellant testified that he had personal knowledge of the cash market value of the boat immediately before the loss and was allowed to testify that in his opinion "it was worth around about $7,400.00 or $7,500.00." Objection was sustained to his opinion testimony regarding value immediately after the loss. On bill of exception appellant testified to a value after loss of $2,000. His testimony continued:

Q. How did you form this opinion?

A. Of what it would cost to repair it and what I gave for the boat.

Q. Are there any other factors that you based your opinion on?

A. No, I guess not.

No attempt was made to qualify appellant in any manner concerning the basis for his opinion or the source of any knowledge concerning the cost of repairs. After this evidence was excluded, appellant rested his case without further offer of proof as to value after loss.

At submission appellant concedes that he was compelled to abandon his alternate "cost of repairs" damage proof for lack of available expert testimony and was obliged to instead proceed with "value before and after" proof. The excluded testimony, however, was based upon the cost of repairs. There is no evidence that the cost of repairs considered by appellant in forming his opinion were reasonable or made necessary by damage incurred to the boat by this specific occurrence. Consequently, the evidence affirmatively shows that his opinion lacked a sufficient factual basis.

█ Appellant contends that the fact of ownership qualifies him to testify as to his opinion of value after the damages. There is authority for this general proposition. Where the owner affirmatively demonstrates, however, as in the instant case, that his opinion is cast in terms of approximation and estimate unsupported by any relevant facts leading to or supporting such approximation or estimate the opinion testimony is too conjectural. *Ada Oil Co. v. Logan*, 447 S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

█ Further, it is well established that the qualification of a witness to testify as to value is primarily to be determined by the trial court and in the absence of a clear showing of abuse such determination will not be disturbed on appeal. *Cortez v. Mascarro*, 412 S.W.2d 342 (Tex.Civ.App.—San Antonio 1967, no writ); *Emmco Insurance Co. v. Burrows*, 419 S.W.2d 665 (Tex.Civ. App.—Tyler 1967, no writ). We find no clear abuse of discretion in this case.

While the trial court's granting of defendants' motions for instructed verdict may be upheld on the above point alone, such motions also urged to the trial court that appellant had established no ground of liability against them or any of them. By supplemental brief appellant complains of error on this point asserting that he has proved a prima facie case in negligence against defendants Gaylon Young and Rodney D. Young Insurance Agency, Inc. He makes no such complaint with respect to defendant Cravens, Dargan & Company and concedes that he has abandoned his appeal as to the latter. Despite our above holding, we will address appellants' supplemental point.

Appellant contends Gaylon Young was negligent in advising him (1) that there was insurance coverage on the boat when, in fact, there was no coverage, and (2) that Gaylon Young had the power to bind insurance coverage on the boat when, in fact, he possessed no such power.

Following a telephone conversation with Gaylon Young, an application for insurance was forwarded by Young to Cravens, Dargan & Company. The application was not accepted and no policy of insurance was issued. Appellant offered no evidence of terms, conditions or coverage previously agreed upon between him and Young; nor was there any evidence offered as to the cause of loss except that the boat was subsequently damaged during a storm, and "it took on water over both the engines and on the cabin."

█ An insurance agent agreeing to obtain insurance owes a legal duty to obtain

same and, if he cannot, to notify his principal of failure. *Burroughs v. Bunch*, 210 S.W.2d 211 (Tex.Civ.App.—El Paso 1948, writ ref'd). · Assuming that he established the duty, that is, the agreement on the part of Young to procure insurance, there is yet an essential element of proof missing in the instant case. Implicit in all of the cases following the rule announced in *Burroughs* is the requirement that the loss is one insured against in *some* policy. *Scott v. Conner*, 403 S.W.2d 453 (Tex.Civ.App.—Beaumont 1966, no writ); *Wallis v. Liberty Mutual Insurance Co.*, 465 S.W.2d 422 (Tex.Civ. App.—Dallas 1971, writ ref'd n. r. e.). Here, appellant, either not knowing or being unable to prove the cause of loss, did not bring the loss under the coverage of *any* policy shown by the evidence to be available.

The trial court was, therefore, correct in instructing a verdict upon either or both of the points brought forward.

Affirmed.