Dennis **PARKINS**, Appellant,

v.

**TEXAS FARMER INSURANCE COMPANY**, Appellee.

No. 21062.

Court of Appeals of Texas, Dallas.

April 23, 1982.

Rehearing Denied May 24, 1982.

■■■

Burt Berry, Dallas, for appellant.

Larry L. Gollaher, Dallas, for appellee.

Before CARVER, STOREY and GUIL-LOT, JJ.

PER CURIAM.

This is an appeal from a judgment notwithstanding the verdict in which Dennis Parkins was denied recovery from Texas Farmers Insurance Company. Parkins contends the trial court erred in granting Texas Farmers' motion for judgment notwithstanding the verdict. We do not agree and thus affirm.

Parkins sued Texas Farmers under the Deceptive Trade Practices Act alleging Farmers represented they would issue a standard fire policy to insure a building but, in fact, issued a homeowners policy which did not provide coverage for the fire loss he suffered.

At trial Parkins obtained a favorable jury verdict but Farmers filed a motion for judgment N.O.V. alleging Parkins failed to show he had been adversely affected by the alleged misrepresentation.[1] Because Parkins failed to adduce any evidence that his fire loss would have been covered by any fire policy, *see, Stinson v. Cravens, Dargan & Company,* 579 S.W.2d 298 (Tex.Civ.App.—Dallas 1979, no writ), the trial court was correct in granting a judgment notwithstanding the verdict.

The judgment of the trial court is affirmed and costs taxed against appellant.

[1] A consumer may maintain an action if he has been adversely affected by any of the following:

(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter . . . .
1973 Tex.Gen.Laws, ch. 143 § 1, at 322.