**I. David PORRAS, Appellant,**

v.

**A.B. CRAIG, Appellee.**

**No. 10–83–071–CV.**

Court of Appeals of Texas, Waco.

Dec. 29, 1983.

Rehearing Denied Jan. 19, 1984.

A.D. Henderson, Palestine, for appellant.

Michael Thomas, Martin & Thomas, Mexia, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Porras from judgment awarding plaintiff Craig title and possession of 2.077 acres of land, $7,000.00 actual damages, $50,000.00 exemplary damages, plus attorneys fees.

Schematic Diagram

area dozed off by defendant beyond his new fence

N

old fence dozed down by defendant

Plaintiff's approximately 24 acres

new fence built by defendant

Defendant's approximately 2600 acres

Plaintiff acquired approximately 24 acres in January 1976. Defendant acquired approximately 2,600 acres adjoining plaintiff's property on the south and west in the

spring of 1982. Defendant shortly after acquiring his property had his property surveyed; had his foreman Ken Helzendager bulldoze and clear out trees, brush and fences in the area in conflict, and constructed a fence on the line established by his surveyor.

Plaintiff then brought this suit against defendant for title and possession of the 2.077-acre tract, and for actual and exemplary damages together with attorneys fees.

Trial was to a jury, findings of which are summarized as follows:

1) Plaintiff Craig and those under whom he holds and claims have had peaceable and adverse possession of the 2.077 acres, using or enjoying same and claiming under title or color of title for 3 consecutive years before March 1982.

2) Plaintiff Craig and those under whom he holds and claims have held peaceable, adverse and continuous possession of the 2.077 acres, using or enjoying the same and paying taxes thereon and claiming under deeds registered for a period of 5 consecutive years prior to March 1982.

3) Plaintiff Craig and those under whom he holds and claims have held peaceable, adverse and continuous possession of the 2.077 acres, using or enjoying the same, openly notoriously and adversely for 10 consecutive years prior to March 8, 1982.

4) Plaintiff Craig and those under whom he holds and claims have held peaceable, adverse and continuous possession of the 2.077 acres, cultivating, using, or enjoying the same openly, notoriously and adversely for 25 consecutive years prior to March 8, 1982.

5) Plaintiff Craig had actual exclusive, continuous and peaceable possession of the 2.077 acres prior to entry thereon by defendant.

6) The 2.077 acres is actually located on the ground as shown in Plaintiff's Exhibit 46 [schematic diagram, supra].

7) $7,000.00 will reasonably compensate plaintiff for the damage to his land as a result of the fencing and clearing operation of defendant.

(Instruction: The damage to plaintiff's land is the difference in the reasonable cash market value of the land before defendant's actions, and the reasonable cash market value of the land after defendant's actions)

8) Defendant, through his employee, and without consent of plaintiff, removed a fence that was a separating or dividing fence in which plaintiff was a joint owner.

9) The manner in which defendant, through his employee, in removing the fences and in conducting his fencing and clearing operations on plaintiff's property was a heedless and reckless disregard of the rights of others affected by it.

(Instructions: "heedless and reckless disregard" means an entire want of care as to indicate the act was the result of conscious indifference to the rights, welfare or safety of persons affected by it).

10) $50,000.00 should be awarded plaintiff for exemplary damages.

11) Reasonable attorneys fees for plaintiff are: (a) trial court $7,200; (b) Court of Appeals $2,000; (c) Supreme Court $1,200 and $640.

The trial court rendered judgment on the verdict for plaintiff for title and possession of the 2.077 acres plus $57,420.00 ($57,-000.00 actual and exemplary damages; plus $420.00 prejudgment interest; plus $11,040.00 attorneys fees with credit if case is not appealed).

Defendant appeals on 7 points.

Point 1 asserts the trial court erred in rendering judgment for plaintiff for title and possession of the 2.077 acres because there is no evidence to support the jury's findings of adverse possession as required by the 3, 5, 20 and 25-year statutes of limitations.

■ The testimony of the witnesses French, Anderson and plaintiff as to use, occupancy, claim, boundaries, fences and possession support the jury's findings as to the 10-year statute of limitations; and collectively their testimony supports the jury's

finding as to the 25-year statute of limitations. The possession by plaintiff and his predecessors was actual, and visible and it was uncontroverted that such was never challenged. *Houston Oil Co. of Texas v. Jones*, 109 Tex. 89, 198 S.W. 290; *Orsborn v. Deep Rock Oil Cp.*, 153 Tex. 281, 267 S.W.2d 781.

Moreover the jury found in issue 5 that plaintiff had actual exclusive, continuous and peaceable possession of the 2.077 acres prior to the entry thereon by defendant. And plaintiff made a prima facie showing of record title from the sovereignty of the soil as well as title by limitation and adverse possession. Defendant never produced any title whatever, and such failure is fatal to their position after the prima facie showing by plaintiff. *Niendorff v. Wood*, (Amarillo, Tex.Civ.App.) Er. Refused, 149 S.W.2d 161; *State v. Noser*, (Corpus Christi, Tex.Civ.App.) NRE, 422 S.W.2d 594.

Point 1 is overruled.

Points 2 and 3 assert there is no evidence and/or insufficient evidence to support the jury's finding of $7,000.00 actual damages; point 4 asserts the trial court erred in permitting plaintiff to testify about values of the property without a proper predicate being established; and point 5 asserts the trial court erred in not limiting the actual damage issue to the 2.077 acre tract.

■ Plaintiff testified he was the owner of the property, that the value of the property immediately before the trespass by defendant and subsequent clearing and fencing operations was $35,000.00; and that immediately after the acts of defendant the value was $15,000.00. The trial court did not err in permitting plaintiff to testify as to the value of *his* property. *State of Texas v. Berger*, (Waco, Tex.Civ. App.) NRE, 430 S.W.2d 557; *City of Teague v. Stiles*, (Waco, Tex.Civ.App.) NRE, 263 S.W.2d 623; *Krenek v. South Texas Elec. Coop., Inc.*, (Corpus Christi, Tex.Civ. App.) NWH, 502 S.W.2d 605.

■ Plaintiff's testimony as well as other evidence in the record would support an award of almost three times the amount the jury found. Not only did defendant bulldoze the property which is in dispute but defendant admitted he had the property bulldozed and cleared which was inside the new fence line erected by defendant and which is located on plaintiff's property which is not in dispute.

Points 2, 3, 4 and 5 are overruled.

■ Point 6 asserts there is no evidence to show conduct on defendant's part to legally justify exemplary damages, and point 7 asserts $50,000.00 exemplary damage is excessive under the circumstances of this case.

Defendant dozed down a fence jointly belonging to plaintiff and fenced in 2.077 acres of plaintiff's land. Not only did defendant bulldoze the property in dispute in the case, but he also admittedly bulldozed and cleared property inside the new fence line which is located on plaintiff's property which is not in dispute. Plaintiff's foreman testified he started tearing down the old fence without attempting to contact plaintiff; that he never received plaintiff's permission to undertake clearing operations, remove the old fence or to build the new fence; and that everything he did was a conscious decision on his part based upon the instructions of defendant; and defendant never requested permission from plaintiff. Defendant's foreman placed a note on an adjoining fence he would shoot anyone caught on the property in question; and finally he testified that even knowing what he knew at time of trial, that he would still build the fence in the same way. The evidence reflects defendant was informed by his surveyor before he commenced clearing operation that there was a problem with the survey and the old boundary lines as established by the fencing which existed prior to the clearing operations. Mr. Peal and Mr. Ferguson who own land north of plaintiff and whose land adjoins defendant's on the west testified they told defendant he was fencing property he did not own, but that defendant continued to disregard (their) and defendant's rights, and ordered his foreman to continue with

the clearing and fencing operations. And finally defendant testified that even knowing what he knew at time of trial he would do exactly the same thing he did when he initially cleared and fenced the property in question and cleared and fenced the adjacent landowner's property.

Our Supreme Court in *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 states that it is the mental attitude which "justifies the penal nature of the imposition of exemplary damages. The plaintiff must show that the defendant was consciously, i.e. knowingly indifferent to his rights * * *. In other words, the plaintiff must show that the defendant knew about the peril, but his acts or omissions demonstrated he didn't care. Such conduct can be active or passive in nature".

Here defendant knew his survey did not correspond to the old fence line; he was told at least twice he was fencing property not his; and finally at trial defendant and his foreman both testified that even knowing what they know now of the boundary dispute and plaintiff's adverse possession, they would do everything the same way that they did it before. Such attitudes show total conscious indifference to the rights of others, and the requisite "mental attitude" addressed in *Burk Royalty*, supra. See also *Neely v. Community Properties, Inc.*, Tex., 639 S.W.2d 452, and *Hamilton v. Texas O. & G. Cp.* (El Paso, Tex.Civ.App.) NWH, 648 S.W.2d 316 to the same effect.

All of defendant's points are overruled.

AFFIRMED.