I. David PORRAS, Petitioner,

v.

A. B. CRAIG, Respondent.

No. C–2809.

Supreme Court of Texas.

July 11, 1984.

Rehearing Denied Sept. 19, 1984.

Haynes & Boone, William R. Allensworth, David C. Mattka and Barbara E. McElroy, Dallas, A.D. Henderson, Palestine, for petitioner.

Martin & Thomas, Holloway Martin and Michael Thomas, Mexia, for respondent.

SPEARS, Justice.

This is a suit for title and damages to approximately two acres in Freestone County. Based on jury findings, the trial court awarded respondent A.B. Craig, the plaintiff below, title to the land, $7,000 in actual damages, and $50,000 in exemplary damages against defendant and petitioner, David Porras. The court of appeals affirmed. 665 S.W.2d 167. We reverse the judgment of the court of appeals and remand the cause to the trial court.

Craig is the owner of 24 acres in Freestone County. In 1982, petitioner Porras purchased approximately 2,600 acres adjacent to Craig's land for use as a ranch. Porras had his tract surveyed, bulldozed everything that the survey showed to be his property, including an existing fence and two acres on Craig's side of that fence, and built a new fence on the survey line. In so doing, Porras cut down a number of large trees, some as much as four feet in diameter. Porras never contacted Craig before clearing the land.

Craig filed suit for title and damages to the land on his side of the old fence. The jury found that Craig had title to the land in question by virtue of adverse possession; that finding is not in dispute here. The primary complaint is that there is no evidence to support the award of actual damages to the land.

In a suit for permanent damage to land, (which the parties agree this suit is), the measure of damages is the difference in the market value of the land immediately before and immediately after the trespass. *Cummer-Graham Co. v. Maddox,* 155 Tex. 284, 285 S.W.2d 932 (1956). The proper way of proving this difference in value is opinion testimony. *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194 (1936); 2 R. Ray, *Texas Law of Evidence Civil and Criminal* § 1422 (3d ed 1980). Opinion testimony concerning these damages is subject to the same requirements as any other opinion evidence, with one exception: the owner of the property can testify to its market value, even if he could not qualify to testify about the value of like property belonging to someone else. *State v. Berger,* 430 S.W.2d 557 (Tex.Civ.App.— Waco 1968, writ ref'd n.r.e.).

Even an owner's testimony, however, is subject to some restrictions. In

order for a property owner to qualify as a witness to the damages to his property, his testimony must show that it refers to market, rather than intrinsic or some other value of the property. This requirement is usually met by asking the witness if he is familiar with the market value of his property. *Moody v. Castleberry,* 151 S.W.2d 960 (Tex.Civ.App.—Texarkana 1941, no writ); *Krenek v. South Texas Electric Cooperative, Inc.,* 502 S.W.2d 605 (Tex.Civ. App.—Corpus Christi 1973, no writ).

 At trial, two witnesses testified concerning the reduction in market value of the land. Porras's expert witness testified that in his opinion the value of the land had been enhanced by the clearing operation. On the other hand, plaintiff Craig testified that he had been damaged $20,000. His testimony was as follows:

Q. Mr. Craig, what in your opinion was the value of the property immediately before the fencing, the bulldozing of the old fence, and the clearing operations of the Defendant, I. David Porras?

A. About Thirty-five thousand dollars.

Q. What in your opinion was the value of the property immediately after the bulldozing operations, the fencing and clearing of the property in question by Mr. I. David Porras?

A. About fifteen.

Q. Now there is a difference there of twenty thousand dollars, is that correct?

A. Yes, sir.

Q. I want you to tell the jury your reasons for the difference of twenty thousand dollars and how you arrived at it.

A. Well I bought this land to build a retirement home on and I am fifty-seven and my wife is fifty-six and she's not— she's crippled so she wants to get out in the country, too. And we bought that for that reason and now we are afraid to build out there. And the reason we're afraid is because of the exotic animals that will be put next to us. Also they patrol the fence with guns. A sign on their fence they'll shoot if you go across that fence. And about a month ago there was a fire started on the grass on my property and burned in under my trees and if my wife had been there by herself she couldn't have got away.

We hold that this testimony is no evidence of market value. We should not be understood as retreating from the general rule that an owner is qualified to testify about the market value of his property. Moreover, this is not just a case in which the lawyer failed to ask his client if he was familiar with the market value of the property. Instead, in this case the owner's testimony affirmatively showed that he referred to personal rather than market value. *See Stinson v. Cravens, Dargan & Co.,* 579 S.W.2d 298 (Tex.Civ.App.—Dallas 1979, no writ). Mr. Craig was qualified to give an opinion of the market value of his land; he simply failed to do so.

 Craig points out to this court that Porras did not object to the introduction of this testimony on the ground that it referred to personal rather than market value. Although Porras did not so object, the failure is immaterial. Irrelevant evidence, even when admitted without objection, will not support a judgment. *Aetna Insurance Co. v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959). Craig also argues that the testimony set out above was relevant on the issue of exemplary damages, not actual. It is true that the testimony did go to prove heedless and reckless disregard on Porras's part. At the same time, however, the testimony also showed that Craig was not testifying about market value. The fact that the evidence was helpful to Craig in one regard does not limit its relevance in another adverse to him.

 Because we have held that there was *no evidence of actual damages,* the award of exemplary damages must also fall. There was some evidence that Porras acted in heedless and reckless disregard of Craig's rights, and the jury so found. However, absent a sustainable award of actual damages, exemplary damages cannot be awarded in a trespass case. *Giraud v. Moore,* 86 Tex. 675, 26 S.W. 945 (1894);

*Phillips v. Wertz,* 546 S.W.2d 902 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.).

■ Having held that Craig produced no evidence of the reduction in market value of his property, we reverse the judgment of the court of appeals. We must now determine the proper disposition of the case. There was substantial evidence at trial that Craig was injured by Porras's activities. For instance, it was shown that a number of trees, some as much as four feet in diameter, were cut down. This evidence was properly admitted. Evidence of any fact that may reasonably affect the value of the land can be introduced into evidence. *Spindar v. Lo-Vaca Gathering Co.,* 529 S.W.2d 63 (Tex.1975). However, there was no evidence of a reduction in market value. Porras's expert witness testified that, although it would be prohibitively expensive to replace the destroyed trees, the market value of the land had actually been increased.

■ In this situation, some courts have applied a conditional measure of damages, one contingent on a showing of no reduction in market value. If a defendant's cutting down shade or ornamental trees does not reduce the market value of the property, courts are authorized to award damages for the intrinsic value of the trees. Although this court has never addressed the intrinsic value rule, a number of courts of appeals have adopted it. See *Miloszar v. Gonzalez,* 619 S.W.2d 283 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Hamilton v. Fant,* 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967, no writ); *Moran Corporation v. Murray,* 381 S.W.2d 324 (Tex.Civ.App.—Texarkana 1964, no writ); *Lucas v. Morrison,* 286 S.W.2d 190 (Tex.Civ.App.—San Antonio 1956, no writ). We think the rule is a sound one. Because the record shows evidence that might have allowed Craig to recover under a different theory, in the interest of justice we remand the cause for a new trial. Tex.R.Civ.P. 505; *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951); *Morrison v. Farmer,* 147 Tex. 122, 213 S.W.2d 813 (1948). If, on retrial, Craig can show that the market value of his land was reduced, he can recover under that theory; if not, he can attempt to prove damages by the intrinsic value measure. Because Porras has not contested the adverse possession findings, we do not remand to retry the title issues.

WALLACE, J., filed dissenting opinion in which KILGARLIN, J., joined.

WALLACE, Justice, dissenting.

I respectfully dissent. The court's opinion is based upon its interpretation of Craig's testimony as to the difference in the value of his land before and after the trespass by Porras. The fatal error in the opinion lies in placing undue emphasis on that portion of Craig's testimony which is favorable to Porras and ignoring another portion of his testimony which supports the trial court's judgment. The omitted testimony of Craig, the owner of the land in question, was:

Q: (Porras' attorney). Now you're telling the jury that the two acres have been damaged twenty thousand dollars worth or is worth twenty thousand dollars. Is that what you're telling them?

A: (Craig) I'm telling them what I thought the land was valued before it was tore up and after it was tore up.

. . . . .

Q. Okay. So what you're saying is that particular two acres is worth approximately twenty thousand dollars?

A. It is to me.

As stated in the court's opinion, if the owner of real property has an opinion, he may testify as to the value of property owned by him. *State v. Berger,* 430 S.W.2d 557, 559 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.). The jury returned a verdict of $7,000 damages to Craig's property. We must sustain that verdict if there is any evidence to support it. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981). I would hold that the above testimony of Craig is some evidence to support the jury's verdict.

 

The court's opinion holds that Craig's testimony is no evidence of the value of the land because the magic word "market" did not precede the word "value" in the questions propounded to Craig and in his answers. When the testimony concerning value is considered in its entirety one is lead to the obvious conclusion that the values being discussed are market values. Porras contends that Craig was testifying as to intrinsic value to him, not to market value. Porras emphasizes the last response of Craig's which was: "It is to me." Contrary to Porras' contention, the obvious meaning of that sentence was that Craig was testifying as to his opinion of the value and not to anybody elses.

The opinion of the court refuses to distinguish betwen the testimony of Mr. Craig as to exemplary damages and as to actual damages. When testifying as to exemplary damages he referred to the setting of fires by Porras' employees and permitting them to invade Craig's property; posting notices on the fence that anyone crossing it would be shot; and the reckless disregard by Porras of the rights of not only Craig but other owners whose property abutted that of Porras. I would hold that the testimony of Craig quoted above is some evidence of the market value of the property which was damaged by Porras. Since there is some evidence to support the jury's verdict we should affirm that verdict.

I would affirm the judgment of the court of appeals and of the trial court.

KILGARLIN, J., joins in this dissenting opinion.

## ON MOTION FOR REHEARING

### PER CURIAM.

 Craig asks the court to clarify whether he is entitled to the attorney's fees awarded by the trial court. Since Porras only asked this court for relief from the actual and exemplary damage awards, he has not preserved any error relating to the award of attorney's fees. Consequently, Craig is entitled to the $11,040.00 awarded as attorney's fees. The only issues on re-mand are those relating to actual and exemplary damages for the trespass.

The motion for rehearing is overruled.