IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00198-CV

 

Curtis Dowdell 

and Rebecca Dowdell,

                                                                      Appellants

 v.

 

W.D. Richmond 

and Matilda Richmond,

                                                                      Appellees

 

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 8241CV

 



MEMORANDUM  Opinion



 

Appellants, Rebecca and
Chris Dowdell, have filed an “Agreed Motion to Dismiss Appeal.”  See Tex. R. App. P. 42. 1(a)(1).  The
motion states that the dismissal of this appeal is agreed to by the parties. 
Dismissal of this appeal would not prevent a party from seeking relief to which
it would otherwise be entitled. 

Appellants’ motion to
dismiss is granted.  The appeal is dismissed.  Costs are taxed against the
party incurring same in accordance with the agreement of the parties.

PER CURIAM

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed

Opinion
delivered and filed August 30, 2006

[CV06]

 






font-weight: bold">                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This is an appeal from an award of damages and attorney’s fees in a breach of contract case.
Appellant AAA Plumbing of Texas, Inc. (“AAA Plumbing”) sued Appellee Joseph Alexander
(“Alexander”) contending that Alexander breached a written contract for home repairs between
AAA Plumbing and Alexander’s wife, Rhonda Alexander. Alexander counterclaimed, alleging
that he suffered property damages when AAA Plumbing breached the contract.



      Following a trial to the bench, the court found in favor of Alexander and awarded him
$21,179.33 in actual damages and attorney’s fees in the amount of $13,500. AAA Plumbing
appeals the judgment and presents four issues: (1) whether, as a matter of law, AAA Plumbing
was in breach of contract; (2) whether there was any evidence of the reasonableness or necessity
of the repair work Alexander contended resulted from AAA Plumbing’s breach; (3) whether there
was any evidence Alexander owned the house damaged by the alleged breach; and (4) whether
there was any evidence supporting the trial judge’s award of attorney’s fees. We will affirm.
      We begin with a review of the contract. On November 18, 1996, AAA Plumbing submitted
to Rhonda Alexander a written estimate for repairs to a sanitary sewer line located under the floor
of the Alexanders’ residence. The document, which was prepared by an AAA Plumbing
employee, contained a material list and estimated labor cost totaling $1,600 and was signed by
Rhonda Alexander. In part, AAA Plumbing agreed in the document to “demo bath floor, excavate
sanitary sewer, make repairs, backfill, pour concrete and re tile.” Both parties agree that the
estimate constituted a contract. In pertinent part, the contract provided for a required deposit of
$500 with the balance due upon completion of the work. Both parties also agree Rhonda
Alexander paid the $500 deposit and that AAA Plumbing began demolishing floor areas of the
residence to gain access to the plumbing lines underneath. They agree on little else.
      AAA Plumbing contended in its written pleadings that Alexander breached the contract by
refusing to pay the balance of $6,349.75, for materials and labor costs incurred in completing the
job. In support of its claim, AAA Plumbing presented evidence that the original $1,600 estimate
set forth in the contract ultimately proved to be on the low side and that the actual repair required
more extensive labor and materials than originally believed. At trial, AAA Plumbing asked for
an award of $5,577 in actual damages. Alexander, in turn, alleged AAA Plumbing breached the
contract when its workers walked off the job with no explanation and never returned to complete
the work (including items detailed in the contract), leaving him with a house of greatly diminished
value due to the presence of shoddy workmanship and incomplete work including: gaping floor
holes in several areas, an unmounted toilet, and leaking methane gas. Tim Blankenship, a field
supervisor for AAA Plumbing, admitted the work detailed in the written estimate was never
completed, but alleged that the deplorable condition the testimony showed the house had been left
in resulted from the Alexander’s refusal to permit AAA Plumbing to return to the property to
complete the job. Blankenship testified that he learned of the Alexander’s refusal to permit AAA
Plumbing to return to the job from an unidentified “person in the office” who had learned of the
banning from a phone call with the Alexanders. The Alexanders, in turn, testified that they never
banned AAA Plumbing from the job, that they were surprised when no one ever returned to finish
the work, and that their many repeated phone calls and messages to Blankenship and AAA
Plumbing over the three weeks following the demolition of their floors went unanswered. 
According to Alexander, when Blankenship finally did return their calls, Blankenship said he said
he “didn’t want anything to do with the job,” demanded that Alexander “give me my goddamned
money,” and terminated the conversation with a threat paraphrased by Alexander at trial as “we’ll
be over there and you’ll never know when we’re coming.”
      In its first issue, AAA Plumbing contends there was no evidence it breached the contract
because the $1,600 referenced in the contract was clearly only an estimate, subject to revision. 
It then posits the question in its brief, “so where was the alleged “breach of contract”? Alexander
responds that the evidence showed AAA Plumbing breached the contract by failing to complete
the work it agreed to perform in the contract.
      In determining a "no-evidence" issue we are to consider only the evidence and inferences that
tend to support the finding and disregard all evidence and inferences to the contrary. Bradford
v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Continental Coffee Prods. Co. v. Cazarez, 937
S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). 
Anything more than a scintilla of evidence is legally sufficient to support the finding. Cazarez,
937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).
      A "no-evidence" issue may only be sustained when the record discloses one of the following: 
(1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence
establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire Co. v. Martinez, 977
S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L. REV. 361, 362-63 (1960)), cert. denied, 526 U.S. 1040
(1999). There is some evidence when the proof supplies a reasonable basis on which reasonable
minds may reach different conclusions about the existence of the vital fact. Orozco v. Sander, 824
S.W.2d 555, 556 (Tex. 1992).
      Alexander specifically pled in counterclaim that AAA Plumbing “breached the contract by
failing to complete the work agreed.” Both parties ultimately agreed that AAA Plumbing’s
employees did not return to Alexander’s residence to complete the work stipulated in the contract,
although the evidence was hotly disputed as to why they did not return. The contract specified
that payment of the balance above the $500 deposit was due “upon completion.” The testimony
established that AAA plumbing breached the contract when it failed to perform the work it agreed
to provide in the contract. We conclude there is more than a scintilla of evidence supporting the
trial court’s finding of fact and conclusion of law that AAA Plumbing breached the contract.”


 
Issue one is overruled.
      In issues two and three, AAA Plumbing challenges the sufficiency of the evidence supporting
the trial court’s award of $21,179.33 for actual damages to Alexander’s property.


 Issue two
involves AAA Plumbing’s allegation that there was no evidence showing the repair work
undertaken by Alexander was reasonable and necessary. In issue three, AAA Plumbing similarly
complains of the lack of evidence relating to the diminished value of the residence following the
breach, and questions whether the evidence proved even that Alexander owned the residence.
      As a general rule, monetary damages for injured property are determined by either the
reasonable cost of repair or the property’s market value. See City of Tyler v. Likes, 962 S.W.2d
489, 497 (Tex. 1997). In the instant case, Alexander sought to prove actual damages under both
measures. On appeal, Alexander argues that there was sufficient evidence before the trial court
establishing that at least $1,351.75 of the cost of repairs following AAA Plumbing’s breach was
reasonable and necessary, and that the testimony relating to his ownership and the diminution in
the value of the property was independently sufficient to support the damage award.
      Alexander testified that because of the breach there had been in a decreased in the value of
the property on the order of $20,000 or $30,000. AAA Plumbing’s only objection to this
testimony was that Alexander was not qualified as an expert on valuation. Rhonda Alexander
testified she learned that their residence had decreased by approximately $19,000 in value when
they attempted to refinance the residence. Rhonda Alexander testified that the approximate
$19,000 decline was caused by the damage AAA Plumbing had done to the residence.
      An owner may testify to the diminished value of the damaged property as long as the
testimony refers to market value, rather than intrinsic or some other value of the property. See
Porras v. Craig, 675 S.W.2d 503, 504-05 (Tex. 1984). This is true even if the owner is not
qualified to testify to the value of like property belonging to someone else. Id. at 504. It is clear
from the context of their answers that both Alexanders’ testimony concerning the value of their
house referred to its market value. AAA’s Plumbing’s assertion that there was no evidence the
Alexander’s owned the residence is without merit. Although there was evidence that at the time
of the breach the Alexanders were making payments on the house under lease/purchase
agreement. We hold the Alexander’s testimony concerning the diminished value of the property
due to AAA Plumbing’s breach was sufficient to support the trial court’s damage award. Because
the evidence was sufficient to support the diminution of value measure of damages, we need not
address the damage award under the alternative “reasonable cost of repair” measure. Issues two
and three are overruled.
      In issue four, AAA Plumbing contends there was no evidence supporting the trial court’s
award of $13,500 in attorney’s fees to Alexander. Alexander’s trial counsel, Hon. Michael
Suffness, testified that he has been a licensed attorney since 1972 and that his practice is limited
primarily to litigation. He further testified he was hired by Alexander to represent him in the
instant case and that his legal bills submitted to Alexander totaled $18,560.93, of which
$16,345.75 had been paid. Mr. Suffness testified the fees incurred were customary and reasonable
in light of the particular circumstances of the case. The only questions directed to Mr. Suffness
by AAA Plumbing’s trial counsel concerned whether Alexander’s request for attorney’s fees had
been contained in the pleadings. Alexander’s pleadings did, in fact, contain that request. We find
Mr. Suffness’s testimony amounts to more than a mere scintilla of evidence supporting the trial
court’s award of attorney’s fees. Issue four is overruled.
      The trial court’s judgment is affirmed. 
 
DAVID L. RICHARDS
                                                             Justice

Before Justice Vance,
          Justice Gray, and
          Justice Richards (Sitting by Assignment)
Affirmed
Opinion delivered and filed October 2, 2002
Do not publish
[CV06]