In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-349 CV


____________________



RICHARD EUGENE BARTON, Appellant



V.



DORA CAMILLE BARTON, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 04-12-10031-CV






MEMORANDUM OPINION


 In this appeal, Richard Eugene Barton challenges the property division in his divorce
from Dora Camille Barton. In three issues, Richard Barton complains that, the trial court
ordered an unjust division of the marital estate, that the trial court abused its discretion in its
valuation of the property, and that his trial counsel provided ineffective assistance. The
primary areas in dispute concern the value assigned to the home and land awarded to Dora,
and a claim for credit against the marital assets for the expenditure of $307,300 in net
proceeds from Dora's personal injury settlement.

 Richard contends the trial court made an unjust distribution of the marital estate. His
argument primarily concerns the substantial disparity in value placed on the parties' home
and land by Richard and Dora. Richard claims the trial court failed to give equal
consideration to his testimony regarding the market value of that property. On his inventory,
Richard claims the property is worth $200,000. He produced no documentary evidence to
support his claim. At trial, Richard testified the property across the street sold for $17,000
per acre. Richard testified the home is a double-wide mobile home and that he improved the
property by building a "32 by 8 foot" greenhouse, a well house, and by planting 28 pallets
of grass. Richard also testified that he continued to make mortgage payments on the property
even after Dora received her personal injury settlement.

 Dora testified that their mobile home and the land on which it stands has a fair market
value of $62,320, because "that's what's on the appraisal papers that we got from off the
internet from the tax appraisal office." Printouts Dora accessed from the website for the
Montgomery Central Appraisal District on November 28, 2005, stated that the 2006 "Work
in Progress" "Values Breakdown" for the 12 acre tract was $36,000 "Timber Market,"
$3,840 "Timber Use," and $28,320 "Improvement HS." Dora testified that she had no idea
whether tax appraisals always accurately reflect the value of the land and property. The
Bartons purchased the property in 1993 and financed the mobile home for $64,000. They
harvested the trees twice while they lived on the property. Dora could not recall what the
timber sold for, and the trees are currently ten to fifteen feet tall. She spent $60,000 out of
her personal injury settlement to pay off the debt on the mobile home. She also spent
$11,500 on a fence and $3,000 on siding. Dora admitted the existence of neighborhood
gossip that the neighbors paid $17,000 an acre.

 An owner may be qualified to testify to the market value of her property. See Porras
v. Craig, 675 S.W.2d 503, 504-05 (Tex. 1984). In this case, however, Dora did not state that
she was familiar with the market value of their property. Dora expressed her opinion that the
property was worth $62,320, but she also testified that she based her opinion entirely upon
the printout from the tax appraisal district and that she did not know if tax appraisals
accurately reflect property value. In her brief, Dora claims the printout proves the trailer and
land were valued at $66,160 on the tax rolls for 2006, but the exhibit in the record does not
prove the value of the property on the tax rolls for 2006 or any other year. The document
states "Work in Progress" and was printed before January 1, 2006. Dora did not produce a
tax statement for 2005, and the record does not reveal the actual taxable value of the property
or its market value as a residence as opposed to timberland. Dora testified that she was not
able to relate the appraisal district's value to actual market value. Although they financed
the mobile home for $64,000, there is no evidence in the record of the 1993 purchase price
for the real property. The home and land by far comprised the parties' largest asset. The trial
court apparently accepted Dora's valuation of the property, but her opinion testimony is not
shown to be reliable.

 Richard also complains that the trial court failed to consider his contributions to the
marital estate and failed to presume that any equity in the parties' property was community
property. Dora testified that during their marriage the parties received and spent the entire
proceeds of her personal injury settlement. Richard testified that part of Dora's recovery was
for lost wages because she had to shut down their nursing home business. Dora testified that
she has not worked since the settlement, but she could not recall whether she recovered for
lost wages. A personal injury recovery for loss of earning capacity during marriage is not
the separate property of the injured spouse. Tex. Fam. Code Ann. § 3.001(3) (Vernon
2006). Property possessed by either spouse during or on dissolution of marriage is presumed
to be community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006). To overcome
this presumption, a party must present clear and convincing evidence that the property is 
separate. Tex. Fam. Code Ann. § 3.003(b) (Vernon 2006). Dora simply stated that she did
not recall whether she recovered for lost wages, and that statement alone would not be
sufficient to establish a firm belief that the entire recovery was Dora's separate property. 
Nonetheless, if Dora's values are applied to the marital estate, the value of the property
awarded to Richard is within a few thousand dollars of the value of the property awarded to
Dora. It appears the trial court did not consider contribution by either party's separate estate
in dividing the community estate.

 Dora Barton's valuation of the parties' home was not supported by sufficient
evidence. Because the trial court evidently relied on her valuation in dividing the marital
estate, we conclude the trial court abused its discretion in the division of property. We
reverse that portion of the final decree of divorce which divided the community estate and
remand the case for a new property division. See McClary v. Thompson, 65 S.W.3d 829, 839
(Tex. App.--Fort Worth 2002, pet. denied) (Appellate courts may sever the divorce action
from the property division by affirming the divorce action and remanding only the property
division.). In all other respects, we affirm the final decree of divorce.

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.






 

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on February 23, 2007

Opinion Delivered April 26, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.