**GRANTED and Opinion Filed March 17, 2020**



In the
# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-19-01239-CV**

**IN RE EDUKID, LP, Relator**

**Original Proceeding from the County Court at Law No. 7
Collin County, Texas
Trial Court Cause No. 007-01603-2017**

# MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Carlyle

Relator Edukid, LP seeks a writ of mandamus compelling the trial court to: (1) vacate its order striking the property-value testimony of Edukid's manager; and (2) enter a protective order stating that Edukid's corporate representative cannot be deposed on certain expert-witness issues. We conditionally grant mandamus on both grounds in this condemnation proceeding involving a Montessori school and real party in interest, the City of Plano.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). "A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner" and "when it acts without reference to guiding rules and principles." *In re Colonial Pipeline Co.*, 968 S.W.2d at 941. In addition, mandamus is appropriate

when the trial court compels discovery beyond what is permitted under the rules of civil procedure. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 802 (Tex. 2017) (orig. proceeding).

**Property-Owner Rule**

Generally, a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property. *See Reid Road Mun. Utility Dist. No. 2 v. Speedy Stop Food Stores*, 337 S.W.3d 846, 853–54 (Tex. 2011) (citing *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984)). The rule is based on the presumption that an owner will be familiar with her own property and know its value. *Id*. Organizations are the same as natural persons for purposes of the Property-Owner Rule. *Id*. at 852–53. The entity can prove the value of its property through certain officers or employees whose management positions warrant applying a presumption that they are familiar with the entity's property and its value. *Id*. at 854.

Relator designated Effie Saifi to testify regarding the partnership property's value in this case. Ms. Saifi is the manager of the limited partnership, which garners her the presumption she is familiar with Edukid's property and its value. *See id.* Other record evidence supports her personal familiarity with and knowledge concerning the property, and insufficient evidence rebuts either the presumption or this evidence. *See id.* at 849. Ms. Saifi is thus qualified to testify to the market value of Edukid's property pursuant to the Property-Owner Rule. *See id.* at 855; *id.* at 858–59 (Willett, J., concurring).

*Reid* specifically held that subject to Rule 701 of the Texas Rules of Evidence (i.e., allowing a property owner to testify regarding value based on personal familiarity with the property and its value), a witness who will be giving opinion evidence about a property's fair market value must be disclosed and designated as an expert pursuant to discovery and other applicable rules. *Id*. at 851–52; *see also Teal Trading & Dev. LP v. Champee Springs Ranches*

*Prop. Owners Ass'n*, 534 S.W.3d 558, 577 (Tex. App.—San Antonio 2017, pet. granted) (property owner need not be designated or disclosed as an expert to testify as to value of property). So, Ms. Saifi's testimony is "subject to rule 701," at least in part, and there is no requirement that her fair-market-value testimony be treated like expert testimony. The City relies on footnote 6 in *Natural Gas Pipeline Co. of America v. Justiss* to support its contention that a witness giving opinion evidence about a property's fair market value must nevertheless be disclosed and designated as an expert pursuant to discovery rules, but this reliance is misplaced. *See* 397 S.W.3d 150, 157 n.6 (Tex. 2012).

*Justiss* specifically states that the Property-Owner Rule is an exception to the requirement that a witness must otherwise establish his qualifications to express an opinion on land values. *Id.* at 157. This is a restatement of settled law. The City's citation to footnote 6 for the proposition that a Property-Owner-Rule witness must be "disclosed and designated as an expert" depends on a misreading of the note and its context. It also ignores *Reid* and the genesis of the Property-Owner Rule in Rule 701. Footnote 6 contains a quote from *Reid* that omits the phrase "subject to the provisions of Rule 701," a nod to the Property-Owner Rule that would except otherwise expert testimony from Rule 702's expert-testimony requirements due to the close relationship between the witness and the property. *See Reid*, 337 S.W.3d at 852–53. Footnote 6 quotes the portion of *Reid* discussing Rule 702, separate from its discussion of Rule 701 in that case, and most importantly, separate from its discussion of the Property-Owner Rule in that case. *See Justiss*, 397 S.W.3d at 157; *Reid*, 337 S.W.3d at 851–53. Parties seeking to include Property-Owner-Rule witnesses as part of their evidentiary presentation must do only as much disclosing or designating of these witnesses as they would of any other lay-opinion witness.

Edukid gave notice that Ms. Saifi would testify pursuant to the Property-Owner Rule and provided sufficient disclosure thereof. *See Almeter v. Bastrop Cent. Appraisal Dist.*, No. 03-17-

00092, 2017 WL 4478217, at *4 (Tex. App.—Austin Oct. 5, 2017, pet. denied) (mem. op.) (noting that, because property owner failed to properly designate herself as an expert, though she did disclose herself as a witness, *see id.* at *4 n.9, she could only testify pursuant to the Property-Owner Rule). The City and the trial court put the cart before the horse. Instead of having Ms. Saifi's deposition, which would have given both the trial court and this court a record of the testimony she would provide and bases for her opinions as to the property's fair market value,[1] the City moved to strike her testimony for lack of expert notice and designation, and the trial court granted it. At least part of Ms. Saifi's presentation is Property-Owner Rule testimony. The extent of that is impossible to define at this juncture, but it is clear enough that the trial court abused its discretion in striking the designation of her as a lay witness.

Because Ms. Saifi was not required to be designated as an expert or to provide an expert report to testify as to the market value of the property as a property owner under Rule 701, the trial court clearly abused its discretion by prohibiting her from testifying at trial as to fair market value pursuant to the Property-Owner Rule. *See Justiss*, 397 S.W.3d at 157; *Reid*, 337 S.W.3d at 851–53. We do not foreclose the possibility that, after reviewing Ms. Saifi's testimony, the City may still have concerns regarding its admissibility pursuant to the Property-Owner Rule. At that point, after there is a record of her opinions and bases, the motion to strike might be subject to further consideration by the trial court.

But before we can issue mandamus to correct the trial court's abuse of discretion in granting the City's motion to strike Ms. Saifi's lay-witness designation, we must determine whether Edukid would have an adequate remedy on appeal. *See In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). The test as to whether

---

[1] *See Justiss*, 397 S.W.3d at 155–56 (discussing Property-Owner-Rule testimony requirements pursuant to *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984)); *Grapevine Diamond, L.P. v. City Bank*, No. 05-14-00260-CV, 2015 WL 8013401, at *12–13 (Tex. App.—Dallas Dec. 7, 2015, pet. denied) (mem. op.) (discussing lay opinion witnesses' testimony and bases).

there is an adequate appellate remedy is practical and prudential, not subject to simple categories or bright-line rules, and requires the careful balancing of jurisprudential considerations. *Id*. The analysis includes "consideration of the degree to which 'important substantive and procedural rights' are subject to 'impairment or loss.'" *Id*. (quoting *In re Prudential Ins. Co.*, 148 S.W.3d at 136).

Although mandamus review of incidental interlocutory rulings that are unimportant to the ultimate disposition of a case or the uniform development of the law distract the appellate courts and add expense and delay to the process, mandamus review of significant rulings in exceptional cases might be required to preserve significant substantive or procedural rights, provide legal guidance on issues that prove elusive to address on appeal, or spare parties and the public the money and time wasted in reversing improperly conducted proceedings. *Id*. at 81. The most frequent use of mandamus relief has involved cases where the very act of proceeding to trial, regardless of the outcome, would defeat the substantive right involved. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). But it also provides value when a trial court erroneously excludes evidence that leaves a party's claims so "significantly compromised" that a substantial part of their case would be omitted from the trial. *In re Garza,* 544 S.W.3d 836, 843 (Tex. 2018) (orig. proceeding).

Edukid has an inadequate remedy on appeal. This is a condemnation case, and the excluded property-owner evidence is unique testimony regarding the value of the property. "[T]he central damage issue in the typical condemnation case is how to measure the market value of the condemned property." *City of Harlingen v. Sharboneau*, 48 S.W.3d 177, 182 (Tex. 2001). Texas courts have long held it appropriate, in the context of condemnation proceedings, for a jury to consider "all factors . . . which would reasonably be given weight in negotiations between a seller and a buyer" of the property. *Collin Cty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 870 (Tex.

App.—Dallas 2012, pet. denied) (citing *City of Austin v. Cannizzo*, 267 S.W.2d 808, 815 (Tex. 1954)). Given that, and though Edukid has indicated it intends to present other witnesses to complete the picture of its damages model, Edukid's ability to present viable claims or defenses at trial is at least severely compromised. *See Garza*, 544 S.W.3d at 843–44. No other witness possesses the type of personal knowledge of the property's use as a Montessori school it appears Ms. Saifi will provide jurors as the property owner. Edukid's remedy by appeal is inadequate under these circumstances. *See id.* at 840 (appeal is an inadequate remedy "where a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised.").

## Protective Order

On September 16, 2019, Edukid filed a Motion for Protective Order concerning the noticed deposition of its corporate representative. In this proceeding, Edukid confines its complaints to four noticed topics (1,[2] 13,[3] 14,[4] and 16[5]) on which it sought to compel the trial court to enter a protective order shielding its representative from being deposed on issues concerning testifying experts.

A trial court has broad discretion in granting a protective order. *In re Eurecat US, Inc.*, 425 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). To justify a protective order, a party seeking to avoid discovery must produce sufficient facts to show particular, specific, and demonstrable injury. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). To decide whether a protective order is appropriate, a trial court balances the parties' competing interests. *See Garcia v. Peeples*, 734 S.W.2d 343, 348 (Tex.

---

[2] Deposition Topic No. 1: "Edukid's communications with any other party, excluding your attorneys, regarding this lawsuit and its subject matter, more particularly described as Cause No. 007-01603-2017; City of Plano, Texas vs. Edukid, LP; pending in the County Court at Law Number Seven, Collin County, Texas (the 'lawsuit')."

[3] Deposition Topic No. 13: "Communications with witnesses, including expert witnesses, relating to the lawsuit and the Property."

[4] Deposition Topic No. 14: "Communications relating to Edukid, LP's discovery responses in this lawsuit."

[5] Deposition Topic No. 16: "The expert opinions of and on behalf of Edukid, LP disclosed in response to discovery requests in this case, including but not limited, to the opinions of Dorwin Sargent, Phillip Morse, Richard Davis, and Effie Saifi."

1987) (holding trial court should have balanced parties' competing needs before granting protective order).

Here, Edukid's complaints about the denial of a protective order are focused on whether Ms. Saifi should be deposed on issues involving the opinions of Edukid's experts, including herself, pursuant to the trial court's rulings. This issue is intertwined with whether Ms. Saifi's testimony on property value is considered expert or lay testimony. As we note above, she is testifying as a lay witness under Rule 701. Thus, Ms. Saifi is protected from being deposed as an expert and should only be deposed as a fact witness on otherwise permissible topics.

Also, the real party in interest may not use the corporate representative's deposition to learn the bases for Edukid's experts' opinions. The Texas Rules of Civil Procedure allow expert discovery only through requests for disclosure, expert reports, and expert depositions. *See* TEX. R. CIV. P. 195.4 ("In addition to disclosure under Rule 194, a party may obtain discovery concerning the subject matter on which the expert is expected to testify, the expert's mental impressions and opinions, the facts known to the expert (regardless of when the factual information was acquired) that relate to or form the basis of the testifying expert's mental impressions and opinions, and other discoverable matters, including documents not produced in disclosure, *only by* oral deposition of the expert and by a report prepared by the expert under this rule." (emphasis added)). It was an abuse of discretion for the trial court to permit discovery beyond that allowed under the rules of civil procedure, for which mandamus is an appropriate remedy. *See In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 802.

We therefore conditionally grant mandamus relief in this case. The writ will issue only if respondent fails to: (1) vacate its order prohibiting Ms. Saifi from providing lay testimony concerning the value of the partnership's property; (2) vacate the portion of its order denying Edukid's motion for a protective order to the extent it deals with deposition questions concerning

the opinions of testifying experts; and (3) enter a protective order stating that the deposition of Edukid's corporate representative may not include questions concerning the opinions of testifying experts.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

191239f.p05